**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

| | |
|---|---|
| **IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION** | **Master File No. 2:12-MD-02327 MDL 2327** |
| **THIS DOCUMENT RELATES TO:** *Vanessa Dates v. Ethicon, Inc., et al.* Case No. 2:15-cv-11333 | **WAVE 8** **JOSEPH R. GOODWIN U.S. DISTRICT JUDGE** |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56(a), Defendants Ethicon, Inc. and Johnson & Johnson (collectively "Ethicon") hereby move for summary judgment on certain of Plaintiff's claims. Plaintiff Vanessa Dates alleges complications arising from the implantation of Prolift. All of Plaintiff's substantive claims are abrogated by the Ohio Product Liability Act ("OPLA") and can only be brought pursuant to the OPLA. For that reason, her common law claims should be dismissed with prejudice. Moreover, to the extent the Plaintiff's Complaint is construed as alleging claims under the OPLA, her claims fail, as a matter of law, to the extent they are based on manufacturing defect (Count II), "defective product" (Count IV), and negligent infliction of emotional distress (Count X).[1]

---

[1] By moving for summary judgment on some issues and not others, Defendants are not waiving or abandoning their right to assert their arguments on those issues under the applicable federal or local rules of procedure at such other time(s) as the remand or transferor court deems appropriate.

## STATEMENT OF UNDISPUTED FACTS

1. Plaintiff Vanessa Dates ("Plaintiff" or "Ms. Dates"), an Ohio resident, underwent surgery on October 22, 2007, during which Dr. Jeffrey Carey implanted the Prolift device to treat Ms. Dates' pelvic organ prolapse. *See* Short Form Compl., Doc. No. 1 at ¶¶ 4, 8-12; Ex. A, Pl. Fact Sheet (redacted) ("PFS") at 2, 5.

2. Ms. Dates' surgery to implant the Prolift was performed in Ohio. *See* Short Form Compl. at ¶¶ 8-12; Ex. A, PFS at 5.

3. Ms. Dates has received other relevant medical care and treatment in Ohio. *See* Ex. A, PFS at 8-9, 13.

4. Plaintiff filed suit in the MDL on July 17, 2015, in which she asserts the following claims: Negligence (Count I); Strict Liability – Manufacturing Defect (Count II); Strict Liability – Failure to Warn (Count III); Strict Liability – Defective Product (Count IV); Strict Liability – Design Defect (Count V); Common Law Fraud (Count VI); Fraudulent Concealment (Count VII); Constructive Fraud (Count VIII); Negligent Misrepresentation (Count IX); Negligent Infliction of Emotional Distress (Count X); Breach of Express Warranty (Count XI); Breach of Implied Warranty (Count XII); Violation of Consumer Protection Laws (Count XIII); Gross Negligence (Count XIV); Unjust Enrichment (Count XV); Punitive Damages (Count XVII); and Discovery Rule and Tolling (Count XVIII). *See* Short Form Compl. at ¶ 13.

5. Plaintiff submitted a case-specific expert report from Dr. Kevin Jovanovic. *See* Ex. B, Case-Specific Report of Kevin Jovanovic, M.D. (June 11, 2018). In his report, Dr. Jovanovic does not opine on the cause of any alleged emotional or psychological injuries.

**ARGUMENT**

Summary judgment is proper where, when drawing permissible inferences in favor of the nonmoving party, there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). The Court's function at this stage is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**I.      Ohio Law Applies to Plaintiff's Substantive Claims.**

Plaintiff filed suit in the MDL. *See* Short Form Compl., Doc. No. 1. For cases filed directly in the MDL, this Court has ruled that "the choice of law that applies is the place where the plaintiff was implanted with the product." *Belanger v. Ethicon, Inc.*, No. 2:13-cv-12036, 2014 WL 346717, at *7 (S.D. W. Va. Jan. 30, 2014). Here, Plaintiff's implantation surgery occurred in Ohio, and, therefore, the Ohio choice-of-law test applies. *See* Short Form Compl. at ¶¶ 8-12; Ex. A, PFS at 5.

Ohio applies the "most significant relationship" test of the Restatement (Second) of Conflicts of Law. *Morgan v. Biro Mfg. Co.*, 474 N.E.2d 286, 289 (Ohio 1984). Under this test, "the law of the place of injury controls unless another jurisdiction has a more significant relationship to the lawsuit." *Id.* Because Plaintiff is an Ohio resident and asserts product liability claims arising out of alleged injuries that occurred in Ohio, Ex. A, PFS at 2, 5, 8-9, 13, Ohio law applies to Plaintiff's substantive claims. *See Pilgrim v. Univ. Health Card, LLC*, 660 F.3d 943, 946 (6th Cir. 2011) (listing the residence of the parties as an additional factor to consider) (applying Ohio law); *see also Bellew v. Ethicon, Inc.*, No. 2:13-CV-22473, 2014 WL 6886129, at *2 (S.D. W. Va. Nov. 24, 2014).

**II.     The Ohio Product Liability Act Governs Plaintiff's Claims.**

**A.     All of Plaintiff's Common Law Claims are Abrogated by the Ohio Product Liability Act.**

As this Court has recognized in other mesh cases, Ohio has abrogated all common law product liability claims by statute. *See, e.g., Vignos-Ware v. Ethicon, Inc.*, No. 2:12-cv-00761, 2017 WL 588286, at *3 (S.D. W. Va. Feb. 13, 2017). The Ohio Product Liability Act ("OPLA") defines a product liability claim as one that "seeks to recover compensatory damages from a manufacturer or supplier for death, physical injury to person, emotional distress, or physical damage to property other than the product in question." OHIO REV. CODE. § 2307.71(A)(13). Such a claim arises from (1) the product's defective manufacture; (2) the product's defective design or formulation; (3) an inadequate warning or instruction related to the product; or (4) the product's failure to conform to a relevant representation or warranty. *Id.* Under Ohio law, a plaintiff is barred from asserting common law product liability causes of action against a defendant. The OPLA abrogates "**all** common law product liability claims or causes of action." OHIO REV. CODE § 2307.71(B) (emphasis added).

This Court has granted summary judgment to Ethicon on certain claims under the OPLA – and should do so again here: Negligence (Count I); Common Law Fraud (Count VI); Fraudulent Concealment (Count VII); Constructive Fraud (Count VIII); Negligent Misrepresentation (Count IX); Negligent Infliction of Emotional Distress (Count X); Breach of Express Warranty (Count XI); Breach of Implied Warranty (Count XII); Violation of Consumer Protection Laws (Count XII); Gross Negligence (Count XIV); and Unjust Enrichment (Count XV). *See Vignos-Ware*, 2017 WL 588286, at *3; *see also Degarmo v. C.R. Bard, Inc.*, No. 2:12-cv-07578, 2018 WL 700791, at *3 (S.D. W. Va. Feb. 2, 2018) (dismissing all product liability claims sounding in negligence under the OPLA).

Other courts have dismissed similar claims under the OPLA, including claims for negligence, warranty and fraud;[2] consumer protection;[3] and unjust enrichment.[4]

Because Ohio law does not recognize these claims in a product liability lawsuit, Ethicon is entitled to summary judgment on Plaintiff's claims for Negligence (Count I); Common Law Fraud (Count VI); Fraudulent Concealment (Count VII); Constructive Fraud (Count VIII); Negligent Misrepresentation (Count IX); Negligent Infliction of Emotional Distress (Count X); Breach of Express Warranty (Count XI); Breach of Implied Warranty (Count XII); Violation of Consumer

---

[2] *See In re Darvocet, Darvon, & Propoxyphene Prods. Liab. Litig.*, 756 F.3d 917, 950 (6th Cir. 2014) (holding that the plaintiff's misrepresentation claims fell within the OPLA) (noting that the court in *Hogue v. Pfizer, Inc.* observed that "the 'OPLA does abrogate fraud claims arising from a duty to warn.'") (quoting *Hogue*, 893 F. Supp. 2d 914, 918 (S.D. Ohio 2012)); *Krumpelbeck v. Breg, Inc.*, 491 F. App'x. 713, 721 (6th Cir. 2012) (upholding grants of summary judgment under the OPLA on plaintiff's "common law claims of breach of express warranty, breach of implied warranty, and negligent misrepresentation and fraud"); *Jones v. Staübli Motor Sports Div. of Staübli Am. Corp.*, 897 F. Supp. 2d 599, 618 (S.D. Ohio 2012) (granting summary judgment on gross negligence claim); *Fulgenzi v. PLIVA, Inc.*, 867 F. Supp. 2d 966, 972-73 (N.D. Ohio 2012) (dismissing plaintiff's common-law claims, including fraud and misrepresentation, constructive fraud, and fraudulent concealment), *rev'd on other grounds*, *Fulgenzi v. PLIVA, Inc.*, 711 F.3d 578 (6th Cir. 2013); *Miller v. ALZA Corp.*, 759 F. Supp. 2d 929, 943 (S.D. Ohio 2010) (granting summary judgment on negligence, negligent misrepresentation, and warranty claims); *Johnson v. Eli Lilly & Co.*, No. 1:14cv453, 2015 WL 1120009, at *2 (S.D. Ohio Mar. 12, 2015) (holding that the plaintiff's fraud claim based on omission and concealment of information in the context of a pharmaceutical manufacturer's duty to warn about its product was preempted by the OPLA); *Saraney v. TAP Pharm. Prods., Inc.*, No. 1:04 CV 02026, 2007 WL 148845, at *8 (N.D. Ohio Jan. 16, 2007) (negligence claim); *Parker v. ACE Hardware Corp.*, 104 N.E.3d 298, 305 (Ohio Ct. App. 2018) (granting summary judgment on claims for negligence, negligent failure to warn, and negligent misrepresentation "[s]ince the OPLA provided the exclusive remedy for the claims"); *Luthman v. Minster Supply Co.*, No. 2-06-43, 2008 WL 169999, at *7 (Ohio Ct. App. Jan. 22, 2008) ("[OPLA] has preempted the implied warranty of merchantability and the implied warranty of fitness for a particular purpose").

[3] *See S.S. v. Leatt Corp.*, No. 1:12-cv-483, 2013 WL 3777098, at *2 (N.D. Ohio Jul. 17, 2013) (granting summary judgment on the plaintiff's claims under the Ohio Consumer Sales Practices Act, OHIO REV. CODE § 1345.01 *et seq.*); *Mitchell v. Proctor & Gamble*, No. 2:09-cv-426, 2010 WL 728222, at *5 (S.D. Ohio Mar. 1, 2010).

[4] *See Leen v. Wright Med. Tech., Inc.*, No. 3:15-CV-125, 2015 WL 5545064, at *2 (S.D. Ohio Sept. 18, 2015) (dismissing the plaintiff's unjust enrichment claim).

5

Protection Laws (Count XIII); Gross Negligence (Count XIV); and Unjust Enrichment (Count XV).

### B. Many of Plaintiff's Claims Also Should Be Dismissed as Duplicative.

In addition, Plaintiff cannot sustain separate claims for fraud (Count VI), fraudulent concealment (Count VII), constructive fraud (Count VIII), negligent misrepresentation (Count IX), breach of express and implied warranties (Counts XI, XII), violation of consumer protection laws (Count XIII), or unjust enrichment (Count XV). All of these claims should be dismissed as repurposed failure to warn claims, because each is premised upon Ethicon's alleged failure to warn Dr. Jeffrey Carey of the risks of Prolift. Because those claims are also governed by Ohio's learned intermediary doctrine, *see, e.g., Tracy v. Merrell Dow Pharms., Inc.*, 569 N.E.2d 875, 878 (Ohio 1991), they are virtually indistinguishable from Plaintiff's failure-to-warn claim. *See Huskey v. Ethicon, Inc.*, 29 F. Supp. 3d 736, 743-45 (S.D. W. Va. 2014) (finding that "courts around the country have extended the learned intermediary doctrine to all claims based on a manufacturer's failure to warn, including claims for fraud misrepresentation, and breach of warranty" (citing cases)).

As this Court has held, such repackaged claims should be dismissed because a plaintiff cannot evade the learned intermediary doctrine by presenting what is in essence a failure-to-warn claim under different theories of recovery. *See Huskey*, 296 F. Supp. 3d at 743-744 (holding that "the plaintiffs' fraud-based claims and warranty claims are simply repackaged failure-to-warn claims" and awarding judgment to Ethicon on fraud, fraudulent concealment, constructive fraud, negligent misrepresentation, and breach of warranty claims on that basis under Illinois law); *Bellew v. Ethicon*, No. 2:13-cv-22473, 2014 WL 6886129, at *5-6 (S.D. W. Va. Nov. 24, 2014) (dismissing claims for fraud, fraudulent concealment, negligent misrepresentation, breach of warranty, and Arizona Consumer Fraud Act as "repackaged" failure-to-warn claims). That is

because "[i]f the learned intermediary doctrine 'could be avoided by casting what is essentially a failure to warn claim under a different cause of action . . . then the doctrine would be rendered meaningless.'" *Huskey*, 29 F. Supp. 3d at 745 (quoting *In re Norplant Contraceptive Prods. Liab. Litig.*, 955 F. Supp. 700, 709 (E.D. Tex. 1997)).

Plaintiff's claims for fraud, fraudulent concealment, constructive fraud, negligent misrepresentation, and consumer protection do not constitute separate grounds for recovery and should be dismissed with prejudice.

### C. The OPLA Does Not Recognize a Cause of Action for "Strict Liability – Defective Product."

Plaintiff is also prevented by the OPLA from asserting a claim for "strict liability – defective product" (Count IV). A search of Ohio law also reveals that no such cause of action exists. Thus, Count IV should be dismissed.

### III. Plaintiff Has No Summary Judgment Evidence of a Manufacturing Defect.

To the extent Plaintiff is permitted to proceed on a manufacturing defect theory of products liability under the OPLA, she has no summary judgment evidence to support such a claim. To succeed on a claim of defective manufacturing, a plaintiff must establish "(1) the product in question was defective in manufacture or construction; (2) the defective aspect of the product was a proximate cause of the plaintiff's injury; and (3) the defendant manufactured the actual product in question." *Smitley v. Nissan N. Am., Inc.*, No. 2:09-CV-148, 2010 WL 3027915, at *2 (S.D. Ohio Aug. 2, 2010) (citing OHIO REV. CODE § 2307.73). "A product is defective in manufacture or construction if, when it left the control of its manufacturer, it deviated in a material way from the design specifications, formula, or performance standards of the manufacturer, or from otherwise identical units manufactured to the same design specifications, formula, or performance standards." OHIO REV. CODE § 2307.74. Expert witness testimony on the issue of manufacturing

7

defect is required to survive summary judgment on that claim. *See Botnick v. Zimmer, Inc.*, 484 F. Supp. 2d 715, 724-25 (N.D. Ohio 2007).

Plaintiff has no summary judgment evidence on this theory. There is no evidence that the Prolift implanted in Plaintiff deviated from an objective standard or from Ethicon's specifications. In addition, no expert for Plaintiff has opined that a deviation from the manufacturer specifications caused an injury to her. *See* Ex. B, Case-Specific Report of Kevin Jovanovic, M.D. (June 11, 2018). The Court should therefore rule that Plaintiff's theory of manufacturing defect liability fails as a matter of law.

### IV. Plaintiff's Claim for Negligent Infliction of Emotional Distress Fails Under Ohio Law Because She Cannot Establish the Requisite Elements of Such Claim.

To the extent Plaintiff is permitted to proceed with a negligent infliction of emotional distress theory of liability under the OPLA, she cannot establish the requisite elements of that theory without expert evidence. Under Ohio law, in order to prevail on a claim for negligent infliction of emotional distress, a plaintiff must establish "serious emotional distress[,]" which "describes an emotional injury which is both severe and debilitating." *White v. Bhatt*, No. 17CA30, 2017-Ohio9277, 2017 WL 6618857, ¶¶ 21-22 (Ohio Ct. App. 5th Dist. Richland Dec. 22, 2017). Examples of "serious emotional distress should include traumatically induced neurosis, psychosis, chronic depression, or phobia." *Id*.

Courts applying Ohio law have held that evidence of alleged "severe emotional distress" is "insufficient" where the plaintiff does not seek medical or psychological treatment and/or does not miss work as a result of the alleged emotional injury. *Id*. ¶ 29. Finally, expert testimony is required to establish the requisite connection between a defendant's alleged conduct and the claimed emotional injury. *Id*. at ¶ 28; *Wright v. Columbus*, No. 05AP-432, 2006-Ohio-759, 2006 WL 391823, ¶ 6 (Ohio Ct. App. 10th Dist. Franklin Feb. 10, 2006).

8

Here, as set forth above, Plaintiff has not come forward with any expert medical testimony on summary judgment establishing the requisite causal connection between the allegedly defective products and any of her alleged injuries, including her alleged emotional distress. *See* Ex. B, Case-Specific Report of Kevin Jovanovic, M.D. (June 11, 2018). For that reason, Count X should be dismissed.

## CONCLUSION

For these reasons, Ethicon's motion for partial summary judgment should be granted. All of Plaintiff's claims are abrogated by the OPLA and can only be brought pursuant to the OPLA. Accordingly, the Court should dismiss with prejudice Plaintiff's claims for Negligence (Count I); Common Law Fraud (Count VI); Fraudulent Concealment (Count VII); Constructive Fraud (Count VIII); Negligent Misrepresentation (Count IX); Negligent Infliction of Emotional Distress (Count X); Breach of Express Warranty (Count XI); Breach of Implied Warranty (Count XII); Violation of Consumer Protection Laws (Count XII); Gross Negligence (Count XIV); and Unjust Enrichment (Count XV). The Court should also rule that Plaintiff's claims fail, as a matter of law, under the Ohio Product Liability Act to the extent they are based on manufacturing defect (Count II), "defective product" (Count IV), and negligent infliction of emotional distress (Count X).

Respectfully submitted,

/s/ *Susan M. Robinson*
Susan M. Robinson (W. Va. Bar No. 5169)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 24338
(304) 414-1800
srobinson@tcspllc.com

/s/ *William M. Gage*
William M. Gage (MS Bar No. 8691)
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010
(601) 985-4561
william.gage@butlersnow.com

COUNSEL FOR DEFENDANTS
ETHICON, INC. AND JOHNSON & JOHNSON

**CERTIFICATE OF SERVICE**

I certify that on this day, I electronically filed this document with the clerk of the court using the CM/ECF system, which will send notification of this filing to CM/ECF participants registered to receive service in this MDL.

                                          */s/ Susan M. Robinson*
                                          Susan M. Robinson (W. Va. Bar No. 5169)
                                          Thomas Combs & Spann PLLC
                                          300 Summers Street
                                          Suite 1380 (25301)
                                          P.O. Box 3824
                                          Charleston, WV 24338
                                          (304) 414-1800
                                          srobinson@tcspllc.com