UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Vanessa Dates,**

    **Plaintiff,**                                     :          **Case No. 2:20-cv-2187**

    **v.**                                              **Judge Sarah D. Morrison**
                                                     **Magistrate Judge Kimberly A. Jolson**

**Ethicon, Inc., *et al.*,**                    :

    **Defendants.**

**OPINION AND ORDER**

This case was transferred to this Court from the United States District Court for the Southern District of West Virginia where it was part of MDL 2327, multidistrict litigation involving pelvic repair system products. (ECF Nos. 1, 34.) This matter is before the Court on a Motion for Summary Judgment by Defendants Ethicon, Inc., and Johnson & Johnson as well as a Motion to Exclude by Defendants. (ECF Nos. 21, 23.) Plaintiff responded to each Motion (ECF Nos. 25, 27), and Defendants only filed a Reply to the Motion for Summary Judgment (ECF No. 29). These matters are now ripe for consideration.

**I.    BACKGROUND**

After Plaintiff Vanessa Dates was diagnosed with pelvic organ prolapse, she underwent a surgical procedure to implant Prolift transvaginal mesh devices. (ECF No. 25-2.) Following her surgery, Ms. Dates developed a number of conditions and bodily abnormalities, including pain, urinary tract infections, vaginal scarring, and dyspareunia. (ECF No. 25-3.)

**II.    MOTION FOR SUMMARY JUDGMENT**

Ms. Dates initiated this action by Short Form Complaint as a part of MDL 2327 and indicated that she would be pursuing seventeen of the eighteen counts in the MDL's Master

1

Complaint. (ECF No. 1, at 4–5.) Defendants moved for summary judgment on thirteen of these seventeen counts (Counts I, II, IV, and VI–XV). (Def. Mem. in Support of Mot. for Summ. J., ECF No. 22.) However, Ms. Dates is no longer proceeding on twelve of the thirteen counts that Defendants contested (Counts II, IV, and VI–XV). (Pl. Mem. in Opp. to Def. Mot. for Summ. J., at 2, ECF No. 26.) Defendants argue that these twelve counts should thus be dismissed with prejudice. (Def. Reply to Mot. for Summ. J., at 1, ECF No. 29.) The Court construes Ms. Dates's acknowledgment as a request for dismissal under Rule 41(a)(2). This Motion to Dismiss is **GRANTED**, and Counts II, IV, and VI–XV are **DISMISSED** with prejudice. That leaves Count I (negligence) as the only claim requiring a summary judgment determination.

### A.     Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden of establishing there are no genuine issues of material fact, which may be achieved by demonstrating the nonmoving party lacks evidence to support an essential element of its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388–89 (6th Cir.1993). The burden then shifts to the nonmoving party to "'set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56). When evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970).

A genuine issue exists if the nonmoving party can present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339–40 (6th Cir. 1993). In other words, "summary

judgment will not lie . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *accord Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (concluding that summary judgment is appropriate when the evidence could not lead the trier of fact to find for the non-moving party).

    B.    Analysis

The Ohio Product Liability Act ("OPLA") is a comprehensive product liability statutory scheme that was "intended to abrogate all common law product liability claims or causes of action." Ohio Rev. Code Ann. § 2307.71(B) (West 2020). The extent of this abrogation, however, depends on the statute's definition of what exactly constitutes a "product liability claim." It is a claim under the OPLA "that seeks to recover compensatory damages from a manufacturer or supplier for death, physical injury to person, emotional distress, or physical damage to property other than the product in question . . . ." *Id.* § 2307.71(A)(13). While the OPLA prevents a plaintiff from bringing most common law product liability claims, some common law claims remain viable in light of this definition. *See Volovetz v. Tremco Barrier Sols., Inc.*, 74 N.E.3d 743, 753 (Ohio Ct. App. 2016) ("The OPLA preemption provision extinguishes any common-law claim that, as pled, actually meets the statutory definition of a product liability claim.").

Under the OPLA, a claim must request particular types of compensatory damages for it to be considered a "product liability claim." Other damages are treated differently, such as "economic loss" damages, which the OPLA defines as "direct, incidental, or consequential pecuniary loss . . . ." § 2307.71(A)(2). Economic loss damages encompass the change in value of a defective product or the indirect losses sustained as a result of a defective product such as the value of production time lost and resulting lost profits. *Chemtrol Adhesives, Inc. v. Am. Mfrs.*

*Mut. Ins. Co.*, 537 N.E.2d 624, 629 (Ohio 1989). A cause of action seeking only economic loss is not a "product liability claim" under the OPLA. *LaPuma v. Collinwood Concrete*, 661 N.E.2d 714, 716 (Ohio 1996). Economic losses are thus recoverable through a common law cause of action. Ohio Rev. Code Ann. § 2307.72(C); *LaPuma*, 661 N.E.2d at 716; *Volovetz*, 74 N.E.3d at 753 n.4.

Thus, when a defective product causes economic loss as well as other harm (e.g., bodily harm or emotional distress), a plaintiff can 1) bring a claim under the OPLA for the other harm and 2) bring a common law claim for the economic loss. The question, then, is whether a plaintiff can bring both of those claims in the same action.

Ohio federal courts have allowed such claims to be brought simultaneously. *See, e.g.*, *Great N. Ins. Co. v. BMW of N. Am. LLC*, 84 F. Supp. 3d 630, 649 (S.D. Ohio 2015); *Huffman v. Electrolux N. Am., Inc.*, 961 F. Supp. 2d 875, 881–82 (N.D. Ohio 2013). And there is no good argument as to why they should be mutually exclusive. It is true that the common law claim is largely duplicative of the OPLA claim. That is, the same economic loss damages that are recoverable on the common law claim remain recoverable on the OPLA claim. *See* § 2307.79(A). But that does not mean that the less-sweeping common law claim could not be brought as a hedge against a loss on the all-encompassing OPLA claim. *See Huffman*, 961 F. Supp. 2d at 881 (criticizing forcing plaintiff to choose between "relatively certain recovery of economic loss damages and the possible recovery of" both compensatory and economic loss damages). This backstop is necessary because a receipt of compensatory damages is a prerequisite for receiving economic loss damages on the OPLA claim. *See* § 2307.79(A). Given all of this, a plaintiff in a product liability action is entitled to bring an OPLA claim while simultaneously bringing a common law claim for economic loss damages.

Drawing from a Northern District of Ohio decision, Defendants argue that a line should be drawn between cases where "the plaintiff's injury 'was damage to the product itself'" and cases where an allegedly defective product could still "'be used for its intended purposes . . . .'" (ECF No. 29, at 5 (quoting *Meta v. Target Corp.*, 74 F. Supp. 3d 858, 863 (N.D. Ohio 2015)).) And they contend that because Ms. Dates was able to use the Prolift for its intended purpose (albeit with undesirable side effects), she cannot bring a claim for economic loss damages. (*Id.*)

The Court is not convinced that the distinction drawn by the *Meta* court is a sound one. Nevertheless, even if *Meta* is correct that a common law claim is only permissible where the product at issue does not accomplish its intended purpose, Defendants have not met their burden to prove that that is the case here. Nothing in the limited evidence that Defendants offer in support of their motion[1] supports the claim that the Prolift device implanted into Ms. Dates actually performed its purpose. (*See* ECF No. 21-1.) Defendants' unsupported statement that the Prolift device was able to be used for its intended purpose, (ECF No. 29, at 5), is inadequate to support summary judgment. Given that Defendants offer no evidence to support this contention, Ms. Dates may pursue her common law negligence claim, although she may only recover economic loss damages.

## III.  MOTION TO EXCLUDE

Defendants move to exclude the case-specific opinions and testimony of one of Ms. Dates's experts, Dr. Kevin Jovanovic. (Def. Mot. to Exclude, ECF No. 23.) This motion was filed in conjunction with Defendants' Motion for Summary Judgment, presumably to prevent the Court from considering Dr. Jovanovic's opinions when deciding summary judgment. However,

---

[1] The Court recognizes that this case has a voluminous record far beyond the few pages of evidence that Defendants offer in support of their motion. However, the party moving for summary judgment has the responsibility to identify which portions of the record support summary judgment in its favor. *Thompson v. Williamson Cty.*, 219 F.3d 555, 557 (6th Cir. 2000).

because Defendants' Motion for Summary Judgment was resolvable on such a discrete issue, as outlined above, there was no need for the Court to consider Dr. Jovanovic's opinions in this analysis. Accordingly, the Court need not consider the admissibility of Dr. Jovanovic's testimony at this time. Defendants' Motion to Exclude is **DENIED** without prejudice. Should they choose to do so, Defendants are free to renew their motion as a motion *in limine* at the appropriate time.

### IV.  CONCLUSION

For the reasons set forth above, Counts II, IV, and VI–XV are **DISMISSED** with prejudice. Defendants' Motion for Summary Judgment as to Count I is **DENIED**. Defendants' Motion to Exclude is **DENIED** without prejudice.

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**